## Wood *v.* Powell and Another.

Covenant. The declaration alleged that by an agreement of the parties under seal, the defendant had let to the plaintiff a distillery for a year, and was to furnish sufficient meal to keep it running ; that the plaintiff was to deliver to the defendant a certain quantity of whiskey, at the distillery, for every

sixty pounds of meal so delivered ; that the defendant was to furnish barrels to hold the whiskey ; that if the defendant failed, at any time, to furnish meal as aforesaid, the plaintiff might furnish the distillery himself, and have the same rent free, till the defendant should again furnish meal ; that if the plaintiff, at any time, failed to pay for the meal as fast as it was delivered or distilled, the agreement should be void ; and that the defendant should give the plaintiff ten days' notice of his intention to stop furnishing the meal. Breach, that the defendant had failed to furnish the meal without giving the ten days' notice, &c.

Plea, that the defendant had kept his covenants, until the plaintiff's non-performance as thereinafter mentioned, and had furnished the plaintiff with sufficient meal to keep the distillery running, and barrels to hold the whiskey ; yet the plaintiff had afterwards failed to pay, &c., by delivering the whiskey, &c., whereby the agreement became void.

*Held*, that the declaration and plea were both good.

ERROR to the *La Grange* Circuit Court.

BLACKFORD, J.—This was an action of covenant brought by *Powell* and another against *Wood*.

The declaration states that in *January*, 1842, the parties made an agreement under seal to the following effect: *Wood* let to *Powell* and *Harding* his distillery, dwelling-house, and garden for one year; and agreed to furnish sufficient quantities of meal to keep the distillery running, at, &c. *Powell* and *Harding* agreed to deliver to *Wood* eight quarts and one pint of good whiskey, at the distillery, for every sixty pounds of meal delivered as aforesaid. *Wood* was to furnish his own barrels to hold the whiskey. If *Wood* failed, at any time, to furnish meal as aforesaid, *Powell* and *Harding* were to have the privilege of furnishing the distillery themselves, and have the use of the same rent free, till *Wood* should again furnish meal. If *Powell* and *Harding*, at any time, failed to pay for the meal as fast as the same was delivered or distilled, the agreement was to be void. *Wood* agreed to give *Powell* and *Harding* ten days' notice of his intention to stop furnishing meal as aforesaid. The breach assigned is, that the defendant did not furnish sufficient quantities of meal to keep the distillery running, at, &c., nor did he, at any time after making the agreement, give the plaintiffs ten days' notice, or any notice at all, of his intention to stop furnishing meal for the distillery; but that, on the contrary, he had failed and neglected to furnish any meal for the distillery, at, &c., for 100 days from and after the 5th of *April*, 1842, not having given any

nótice whatever to the plaintiffs of his intention to stop fur-
nishing the meal; in consequence of which failure, &c.

There are two pleas. The first is as follows: The defend-
ant kept his covenants until the non-performance as herein-
after mentioned by the plaintiffs on their part, and furnished
them sufficient quantities of meal to keep the distillery run-
ning; and barrels to hold the whiskey. Yet the plaintiffs,
afterwards, to wit, on the 1st of *March*, 1842, and thence
hitherto have wholly failed to pay, &c., by delivering to the
defendant, at the distillery, eight quarts and one pint of good
whiskey for every sixty pounds of meal delivered as afore-
said, whereby the agreement became void.

This plea was specially demurred to; and one of the causes
of demurrer is, that the plea does not aver a demand of the
whiskey at the distillery. There are some other causes of
demurrer alleged, but they are evidently groundless. The
·Court sustained the demurrer.

The second plea was a plea of performance, to which there
was a replication in denial.

Verdict and judgment for the plaintiffs.

The declaration is objected to on the ground that the
breach is insufficient; but the objection is unfounded. The
defendant was bound to furnish the necessary meal for the
·distillery, with the privilege of ceasing to furnish it upon giv-
ing ten days' notice of his intention. The charge is, that he
failed to furnish the meal without giving the notice. That
shows a good cause of action.

The plea demurred to is good. The objection made to it,
viz., that it does not aver a demand of the whiskey, cannot
be supported. The plea alleges not only that the defendant
furnished the meal, but also that he furnished the barrels to
hold the whiskey, according to his contract: he was not
bound to do any thing móre. It was for the plaintiffs, after-
wards, to deliver the whiskey by putting it into the barrels
at the proper time, whether the defendant demanded it or
not, or whether he was there to receive it or not.

*Per Curiam.*—The judgment is reversed with costs. Cause
remanded, &c.

*T. Johnson* and *J. B. Howe*, for the plaintiff.
*W. H. Coombs*, for the defendants.